RENDERED:  MAY 3, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1226-MR

JACKIE MCKNIGHT                                                                      APPELLANT


APPEAL FROM MARSHALL CIRCUIT COURT
v.           HONORABLE JAMES T. JAMESON, JUDGE
ACTION NO. 17-CR-00141


COMMONWEALTH OF KENTUCKY                                               APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Jackie McKnight brings this appeal from a July 14, 2022,
order of the Marshall Circuit Court awarding McKnight jail-time credit for thirteen
days he spent on home incarceration.  We affirm.

In 2017, McKnight was charged with numerous sex crimes involving
a sixteen-year-old family member.  More particularly, McKnight was charged with
four counts each of incest-forcible compulsion/incapable of consent or under 18;

sodomy in the third degree; and sexual abuse in the first degree.[1] After McKnight was arrested, his bond was set at $50,000 cash. McKnight then petitioned the court to amend his bond conditions to permit posting of a property bond rather than a cash bond. On June 27, 2017, McKnight's bond was set at $25,000 cash or property and also included the following relevant conditions: to "live [with] his son, Jackie McKnight, Jr." and "to be on house arrest at all times. May only leave house to go to court/atty/emergency medical." Record at 105. On June 29, 2017, McKnight posted the property bond and thus was subject to the above conditions.

Shortly thereafter, on July 6, 2017, McKnight petitioned the court to again have the conditions of his bond amended. McKnight requested that he be permitted to operate his logging business in order to generate income to pay for his GPS ankle monitoring device and other living expenses. Per the July 12, 2017, Conditions of Release and Judicial Decision, the circuit court amended the bond conditions to provide in relevant part that McKnight "[m]ust be in son's home and not leave from 9 pm – 6 am daily." Record at 138.

Pursuant to a plea agreement with the Commonwealth, McKnight pleaded guilty to one count of each of the following: incest-forcible compulsion/incapable of consent or under 18; sodomy in the third degree; and

---

[1] Jackie McKnight waived indictment and requested that the Commonwealth prosecute the offenses by information. Kentucky Rules of Criminal Procedure (RCr) 6.02.

sexual abuse in the first degree.  McKnight remained out on bond and subject to the conditions of the July 12, 2017, Conditions of Release and Judicial Decision until he was sentenced.  By Judgment and Sentence on Plea of Guilty entered May 24, 2018, McKnight was sentenced to fifteen-years' imprisonment.

On April 12, 2021, McKnight filed the first of many requests with the institution seeking jail-time credit for the time he spent on home incarceration before sentencing.  McKnight sought 331 days of credit.  On February 8, 2022, McKnight was notified by the institution that it could not alter or award jail credit, which could only be calculated by probation and parole.  The administrative process eventually culminated in McKnight appealing the decision to the Department of Corrections, Offender Information Services Branch, P.O. Box 2400, Frankfort, Kentucky, 40602, on February 10, 2022.[2]

On April 11, 2022, McKnight filed a Motion for Leave for the Circuit Court to Award Home Incarceration Jail Credit in the Marshall Circuit Court.  By order entered July 11, 2022, the circuit court granted McKnight's motion for jail-time credit and awarded him thirteen days credit.  The circuit court acknowledged that McKnight began his pretrial home incarceration on June 29, 2017.  However, the court ruled that after the July 12, 2017, amendment to McKnight's conditions of release, he was not subject to the home incarceration conditions as defined in

---

[2] There is nothing in the record of this case to indicate that this appeal was resolved.

-3-

Kentucky Revised Statutes (KRS) 532.220. More particularly, the circuit court reasoned:

> Following this amendment, [McKnight] was no longer subject to home incarceration as defined in KRS 532.220. [McKnight] was not limited to the activities identified by statute. [McKnight] was free to move about without restrictions between the hours of 6am and 9pm. Thus, [McKnight] was not subject to home incarceration, and [McKnight] is not entitled to credit for time served while subject to the amended conditions.

July 12, 2022, order at 3. Thus, the circuit court determined that McKnight was only entitled to thirteen days of jail-time credit for the period between June 29, 2017, and July 12, 2017. This appeal follows.

To begin, our review in this case is limited to the proper interpretation of KRS 532.220(1) and its application to the facts of this case. This being strictly a legal issue, our review is *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003).

McKnight contends on appeal that the circuit court erred by granting him only thirteen days of jail-time credit instead of the entire 331 days that he served on home incarceration between June 27, 2017, and May 24, 2018. More particularly, McKnight asserts the circuit court erred by determining that he was not subject to home incarceration as set forth in KRS 532.220, as a result of the court's order amending his bond conditions entered on July 12, 2017. McKnight

-4-

asserts that he was on home incarceration for the entire 331-day period except for being permitted to work.

KRS 532.220 sets forth the conditions of home incarceration and provides:

The conditions of home incarceration shall include the following:

(1) The home incarceree shall be confined to his home at all times except when:

(a) Working at approved employment or traveling directly to and from such employment;

(b) Seeking employment;

(c) Undergoing available medical, psychiatric, or mental health treatment or approved counseling and after care programs;

(d) Attending an approved educational institution or program;

(e) Attending a regularly scheduled religious service at a place of worship; and

(f) Participating in an approved community work service program.

KRS 532.220 provides that home incarceration requires the incarceree to be confined to his home at all times except under the specific enumerated exceptions. KRS 532.220(1)(a) specifically permits the home incarceree to be absent from home for work at approved employment or while traveling directly to

and from work. The modification to McKnight's bond on July 12, 2017, permitted McKnight to be absent from home between the hours of 6am – 9pm each day for any reason whatsoever. As he was allowed to be absent from home for any reason, McKnight was not on home incarceration within the meaning of KRS 532.220(1). Thus, we believe the circuit court properly determined that McKnight was not entitled to 331 days of jail-time credit.

For the foregoing reasons, the order of the Marshall Circuit Court granting McKnight thirteen days of jail credit is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Ryan Chailland
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky